IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KENNETH BASS, | * | |
| Petitioner, | * | |
| | | Civil Action No. RDB-12-2984 |
| v. | * | |
| | | Criminal Action No. RDB-08-496 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

* * * * * * * * * * * *

## MEMORANDUM OPINION

On October 9, 2012, the *pro se* petitioner Kenneth Bass ("Petitioner") filed a Motion to Vacate Conviction and/or to Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255. ECF No. 90. In his Motion, Petitioner brings nine claims, each asserting that his counsel rendered ineffective assistance. This Court has reviewed the Motion, the Government's Opposition thereto (ECF No. 98), and Petitioner's Reply (ECF No. 105), and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Petitioner's Motion to Vacate Conviction and/or to Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 90) is DENIED.

## BACKGROUND

On January 13, 2009, Petitioner pled guilty to Counts One and Three of the Indictment. ECF No. 1. Count One charged him with conspiracy to distribute and possess five hundred grams or more of cocaine, and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. Count Three charged him with possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Petitioner also agreed to a statement of facts describing the circumstances surrounding both counts. Plea Agreement, ECF No. 28.

1

The facts of this case are taken from the plea agreement entered as Government Exhibit No. 1 on January 13, 2009. *Id.* During April and May 2008, law enforcement officers asked a cooperating source to hold and record a series of phone conversations with Garry White Sr. ("White"). *Id.* at 4. From these recordings, the officers gathered information about an illegal conspiracy to distribute and possess with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base. *Id.* The agreed facts underlying the conspiracy are as follows:

After May 8, 2008 and prior to June 9, 2008, Petitioner and White agreed to provide one kilogram of narcotics (half cocaine and half cocaine base) to a third party. *Id.* On June 9, 2008, Petitioner made plans to meet White and deliever the narcotics to the third party in the Hilton Inn parking lot at 1726 Reisterstown Road in Pikesville, Maryland. *Id.*

Before the transaction occurred, Petitioner informed White that, as some of the cocaine had already been sold, he only had 250 grams of cocaine available to sell. *Id.* Petitioner and White agreed to sell the remaining 250 grams. *Id.* Petitioner and White also agreed to show the third party the cocaine in powder form and then, upon the third party's inspection, cook the 250 grams into cocaine base. *Id.*

In June 9, 2008, law enforcement officers waited in the Hilton Inn parking lot to conduct surveillance. *Id.* When Petitioner arrived to conduct the narcotics transaction, the officers arrested him. *Id.* The officers also seized a .45 caliber High Point pistol from Petitioner's waist area and 250 grams of cocaine from the 2003 Silver Honda Odyssey Minivan which Petitioner had been driving. *Id.*

On October 30, 2008, Petitioner was indicted on four counts. Indictment, ECF No. 1. The four offences included: conspiracy to distribute and possess five hundred grams or more of

cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841 (Count Two); use of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Three); and being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g) (Count Four). On January 13, 2009, Petitioner pled guilty to Counts One and Three of the Indictment. Plea Agreement, ECF No. 28. On March 27, 2009, this Court entered judgment against Petitioner. *See* Order, ECF No. 42. Petitioner was sentenced to 135 months on Count One and sixty months, to be served consecutively, as to Count Three. Petitioner also received five years of supervised relase and a special assessment of $200.[1]

On March 29, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. ECF No. 46. Petitioner alleged, among other arguments, that counsel failed to consult with him about an appeal. On February 1, 2012, this Court granted Petitioner an amended judgment from which to file an appeal, dismissing the remaining claims of his petition without prejudice. *See* Order, ECF No. 64. On September 20, 2012, the United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal and affirmed his conviction. *See* J. of U.S. Court of Appeals, ECF No. 89.

On October 9, 2012, Petitioner filed the instant Motion to Vacate. ECF No. 90. In this Motion, Petitioner raises nine claims, each asserting that he received ineffective assistance of counsel. Four of Petitioner's claims address the validity of the plea agreement. Petitioner's other five claims implicate his Motion to Suppress. For the reasons stated below, Petitioner's Motion to Vacate Conviction and/or to Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255

---

[1] On May 31, 2013, this Court granted Petitioner's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582. ECF No. 58. As the Government and Office of the Federal Public Defender requested, this Court reduced Petitioner's term of imprisonment from 135 months on Count One to 120 months, with the sixty-month sentence on Count Three still to run consecutively to the sentence on Count One. ECF No. 108.

(ECF No. 90) is DENIED.  In addition, the Government has responded to Petitioner's Motion to Vacate, rendering Petitioner's Motion to Compel (ECF No. 99) moot.[2]  Accordingly, Petitioner's Motion to Compel (ECF No. 99) is DENIED.

**STANDARD OF REVIEW**

This Court recognizes that Peitioner is *pro se* and has accorded his pleadings liberal construction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must satisfy both prongs of the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984).  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000).  The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness."  *Strickland*, 466 U.S. at 688.  In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance."  *Id.* at 688-89.  The United States Court of Appeals for the Fourth Circuit has previously noted that "[t]he defendant bears the burden of proving the first prong under the *Strickland* test," and unless this burden is met, "a reviewing court does not need to consider the second prong."  *Fields v. Att'y Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial.  *Id.* at 687.  The Fourth Circuit has explained that the mere possibility of a different trial result does not satisfy the burden placed on the defendant.  *See Hoots v. Allsbrook*, 785 F.2d 1214, 1220 (1986).  To establish this level of prejudice, the defendant must demonstrate that there is a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different."  *Id.* at

---

[2] In his Reply to the Government's Opposition to Petitioner's § 2255 motion, Petitioner alleges that the Government never sent him a copy of its opposition.  However, Petitioner addresses the Government's claims in his Reply.

694. Furthermore, Petitioner faces a heightened burden when he or she enters a guilty plea. In *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988), the Fourth Circuit explained the logic behind this heightened burden as follows:

> When a defendant challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## **ANALYSIS**

Petitioner brings nine claims to support his ineffective assistance of counsel allegation. These nine arguments fall into two distinct categories: arguments about the plea agreement and arguments implicating counsel's Motion to Suppress regarding the evidence obtained during Petitioner's search and seizure. First, this Court will address the five claims that involve a determination about the validity of Petitioner's plea agreement.[3] Second, this Court will turn to the four claims that implicate the Motion to Suppress that Counsel submitted before Petitioner pled guilty.[4]

### I. Counsel's Alleged Ineffective Assistance Regarding the Plea Agreement (Claims Five through Nine)

Petitioner argues that his counsel rendered ineffective assistance by inducing him to enter an erroneous and involuntary plea agreement.[5] Petitioner seeks to supports this allegation with five claims. Claim Five generally asserts that the plea agreement is invalid. Claim Six specifically attacks the section of the fact stipulation that states that the firearm belonged to

---

[3] Claims Five through Nine address Petitioner's Plea Agreement.
[4] Claims One through Four implicate counsel's Motion to Suppress.
[5] In this section, this Court will discuss Plaintiff's Claims Five through Nine.

Petitioner, while Claim Seven attacks the fact stipulation as generally erroneous. Claim Eight asserts that Petitioner's guilty plea was not voluntary or knowing. Petitioner summarizes his previous arguments in Claim Nine. The record does not support any of Petitioner's claims.

   *a. Petitioner's guilty plea was voluntary and knowing*

Petitioner argues that his counsel rendered ineffective assistance by inducing him to enter a plea agreement, but the record indicates that Petitioner's guilty plea was voluntary and knowing. To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the "performance" prong of *Strickland*. 466 U.S. at 671. This prong requires a defendant to show that his or her counsel rendered deficient representation. *Id.* at 688. As the Supreme Court noted in *Hill*, "[a] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel' was not within the range of competence demanded of attorneys in criminal cases." 474 U.S. 52, 56-57 (1985) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *Tollett v. Henderson*, 411 U.S. 258, 267). In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 689. In *Fields*, the Fourth Circuit instructed that a defendant's statements in a plea agreement are binding absent clear and convincing evidence to the contrary. 956 F.2d at 1299. Furthermore, there is a strong presumption that the plea is final and binding when an appropriate Rule 11 guilty plea colloquy is conducted. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir.1992).

As listed above, Petitioner raises five claims to argue that his guilty plea was involuntary and thus invalid. This Court conducted a very thorough examination of the Petitioner pursuant to Rule 11 of the Federal Rules of Criminal Procedure and finds the claims of the Petitioner to be

6

baseless. When Petitioner entered his guilty plea on January 13, 2009, he agreed, "I have read [the plea agreement] and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it." Plea Agreement 8, ECF No. 28. Petitioner fails to bring any evidence to rebut the strong presumption that his guilty plea was voluntary and knowing. While Petitioner expresses general dissatisfaction with some of the decisions that his counsel made, he does not point to any particular action that falls outside of the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 688.

Petitioner expresses his dissatisfaction by merely stating that his counsel "inveigled" him to sign the plea agreement. Mot. to Vacate 18. Such a conclusory statement with no supporting facts cannot be supported as a valid *Strickland* claim. 44 U.S. at 490. It also starkly contrasts with Petitioner's testimony during the Rule 11 colloquy in which he stated, "I felt that [my counsel] was patient and he just understood the sitation and he gave me the best advice possible. Tr. of Rearraignment 7. During this Rule 11 colloquy, Petitioner told this Court that he entered his guilty plea freely and because he was "in fact guilty." *Id.* at 10. Perhaps most relevant was Petitioner's representation to this Court that nobody had made any promises or assurances to him as inducment to enter a guilty plea. *Id.* at 8. Petitioner fails to show that his counsel induced him to enter the plea agreement, and thus, Petitioner fails to demonstrate that his counsel performed ineffectively.

  *b. The facts in the plea agreement were not erroneous*

Petitioner's arguments that the plea agreement is erroneous necessarily fail. A defendant has the burden of showing that his counsel performed ineffectively. To meet this burden, the defendant must demonstrate that his counsel's actions fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Supreme Court has noted that "[s]olemn

7

declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Moreover, "absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields*, 956 F.2d at 1299.

Having found the plea agreement valid, it governs. Petitioner was reminded that he was under oath and he voluntarily and knowingly agreed to the facts set forth above when he signed the plea agreement. Furthermore, Government counsel summarized the facts the Government was prepared to prove at trial so as to establish an independent factual basis for the Court's acceptance of the Petitioner's plea of guilty. The Petitioner agreed with the Government's summary of the facts in this case. Therefore, Petitioner's attempts to change the facts to which he pled guilty prove futile. Petitioner consented that the plea agreement contained an accurate fact summary. Tr. of Rearraignment 31. While Petitioner alleges that his counsel rendered ineffective assistance by "inveigling" him to plead guilty to an erroneous plea agreement, at no time did Petitioner object to, or express concern about, the validity of the fact stipulation. Petitioner's counsel did not render ineffective assistance when he did not object to plea agreement. The record lacks any evidence that the plea agreement contained incorrect facts. A defendant is bound by his sworn statements absent clear and convincing evidence to the contrary. *Fields*, 956 F.2d at 1299. Petitioner has failed to provide such clear and convincing evidence, and thus, is rightly bound to his sworn statements.

    c. *Petitioner did not suffer prejudice*

If the defendant does not meet his burden of proving the first prong of the *Strickland* test, "a reviewing court does not need to consider the second prong." *Fields*, 956 F.2d at 1297. Since

Petitioner fails to demonstrate that his counsel's professional conduct fell outside the realm of reasonable professional assistance as discussed by the first prong of *Strickland*, this Court may dispose of Petitioner's ineffective assistance of counsel claims without analyzing the second prong of *Strickland*. Nevertheless, even if Petitioner had satisfied the first prong of *Strickland*, Petitioner fails to show how he suffered prejudice. Thus, Petitioner's claims cannot prevail.

To satisfy the second prong of *Strickland,* a defendant must show that counsel's performance was so prejudicial as to "deprive the defendant of a fair trial." 466 U.S. at 687. Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59). In *Hill*, the Supreme Court concluded that "requiring a showing of "prejudice" from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel . . . [serves] the fundamental interest in the finality of guilty pleas. 474 U.S. at 58.

In this case, Petitioner does not offer a single reason to suggest that, but for counsel's alleged errors, there is a reasonable probablity that he would have proceeded to trial. As a result, Petitioner's allegations do not sufficiently demonstrate the "prejudice" prong of *Strickland*. Accordingly, Petitioner's Motion to Vacate (ECF No. 90) on this basis of ineffective assistance regarding his guilty plea is DENIED.

## II.     Counsel's Alleged Ineffective Assistance Regarding Petitioner's Motion to Suppress (Claims One through Four)

In four separate claims, Petitioner attacks his counsel's performance regarding his Motion to Suppress. Petitioner's first three claims address the evidence that the law enforcement officers gathered when they executed the search and seizure of Petitioner in the Hilton Inn parking lot on June 9, 2008. In Claim Four, Petitioner argues that the evidence obtained from that search and

seizure should have been excluded by a motion to suppress.

### a. Counsel for Petitioner filed a motion to suppress

Despite Petitioner's claims to the contrary, Petitioner's counsel did in fact file a Motion to Suppress on December 18, 2008. ECF No. 24. To satisfy the "performance" prong of *Strickland*, the defendant must show "that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. When the court has entered a final judgment on a plea, the defendant is limited to collateral inquiry concerning whether the plea itself was counseled and voluntary. *Fields*, 956 F.2d at 1295.

In his first three claims, Petitioner attacks his arrest, the search of his vehicle, and the seizure of the firearm. In his fourth claim, Petitioner alleges that his counsel failed to file a motion to suppress the evidence gathered during his search and seizure, as discussed in his first three claims. This Court can quickly dismiss these four claims. Contrary to Petitioner's allegations, his counsel filed a Motion to Suppress on December 18, 2008. When Petitioner entered a valid plea agreement on January 14, 2009, his Motion to Suppress was rendered moot. As a result, the issues raised in Petitioner's Motion to Suppress were no longer pending before this Court. Petitioner does not demonstrate how his counsel's conduct fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Accordingly, Petitioner's counsel was not ineffective in failing to further advance Petitioner's Motion to Suppress.

### b. Even if counsel's performance was ineffective, the record does not indicate that Petitioner was prejudiced by counsel's performance

Even if Petitioner could satisfy the performance prong of *Strickland*, he could not prove prejudice. The second prong of *Strickland* requires Petitioner to demonstrate how his counsel's conduct caused him to suffer prejudice. 466 U.S. at 687. To prevail on an ineffective assistance

10

of counsel claim based upon a failure to suppress evidence, "the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). Petitioner argues that his sentence should be vacated because he did not have a suppression hearing. However, Petitioner fails to present any evidence that he would have prevailed at a suppression hearing. Indeed, the agreed facts of this case reflect a search incident to a lawful arrest. *See e.g. Michigan v. DeFillippo*, 443 U.S. 31 (1979); *United States v. Scheetz* 293 F.3d 175 (4th Cir.) *cert. denied*, 537 U.S. 963 (2002). Accordingly, Petitioner's claim necessarily fails the second prong of the *Strickland* test. As a result, Petitioner's Motion to Vacate (ECF No. 90) on this second basis of ineffective assistance regarding his guilty plea is DENIED.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate Conviction and/or to Correct and Illegal Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 90) is DENIED. Petitioner's Motion to Compel Respondent (ECF No. 99) is also DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El*

*v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: June 11, 2013

/s/
Richard D. Bennett
United States District Judge